**Electronically Filed
Intermediate Court of Appeals
30582
25-MAY-2011
08:37 AM**

NO. 30582

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WAYSON W.C. CHONG, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 09-1-2176)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Wayson W.C. Chong ("Chong") appeals from the Judgment of Conviction and Sentence, filed on May 25, 2010, in the Family Court of the First Circuit ("Family Court").[1] After a bench trial, the Family Court convicted Chong on one count of Violation of an Order for Protection under section 586-11, Hawaii Revised Statutes (Supp. 2008).[2] Chong was sentenced to one year of probation and a $150 fine.

On appeal, Chong challenges (1) the Family Court's September 21, 2010 findings of fact ("FOF") 9, 17, 20, 22, 24, 26-27, 33 and conclusions of law ("COL") 2-4; and (2) the sufficiency of the evidence in support of his conviction. In addition, although not argued below, Chong contends that his conduct constituted a *de minimis* infraction, and that his conviction, therefore, should be reversed or, alternatively, dismissed.

---

[1]     The Honorable William J. Nagle III. presided.

[2]     Chong was charged with two counts of intentionally or knowingly violating the September 9, 2009 Order for Protection, issued in FC-DA No. 09-1-1872 ("Protective Order"), on or about October 5, 2009. The term of the Protective Order was for two years. One count was dismissed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chong's points of error as follows:

(1) The challenged FOF and COL are not clearly erroneous (FOF 9, 17, 22, and 24), are properly supported and reflect an application of the correct rule of law (COL 2 and 3), or are harmless (FOF 20, 26, 27 and 33; COL 4).

(2) Our review for sufficiency of evidence on appeal is limited to determining whether, considering the evidence in the light most favorable to the prosecution, substantial evidence exists in support of the decision:

> The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted). In this case, substantial evidence supports Chong's conviction.

Complainant was the petitioner and Chong was the respondent with regard to the Protective Order issued against Chong, who is Complainant's father. The Protective Order prohibited Chong from contacting the Complainant as well as Lee E. Winters, Jr. ("Winters"), who is Chong's step-father. Limited contact between Chong and the Complainant was permitted for certain enumerated issues unrelated to the incident in question. As allowed by the Protective Order, Chong and Winters both reside at 3135 Oahu Avenue in Honolulu, in a residence that has separate units. The Complainant is a caregiver for Winters, who is bedridden. The Protective Order provides that "[i]f the parties run into each other, the Respondent must leave immediately."

At trial, Complainant testified that on October 5, 2009, she received a telephone call from her step-grandfather's on-call caregiver, who explained that Chong was outside of her step-grandfather's room. Thinking that Chong's presence outside the room was prohibited by the Protective Order, Complainant came

2

over to the home immediately to "make sure that everything was okay with my grandfather." After speaking with the caregiver, Complainant went into her step-grandfather's room and observed Chong, approximately ten to fifteen feet away "outside doing what appeared to be maybe yard work or he was just sort of meandering around." Complainant and Chong looked at each other, and Chong "sort of laughed" and said, "'I'm supposed to be a hundred feet away from you.'" Then, he "just kept going on with his business, what he was doing."

A protective order that envisions frequent contact between the parties requires vigilance to honor. In the instant case, Chong needed to remove himself from his position immediately outside Winters' sliding glass door when he became aware that Complainant was in Winters' room. When he did not, he violated the Protective Order. There was sufficient evidence to support Chong's conviction.

(3) The Family Court did not plainly err by failing to dismiss the charge against Chong on the basis that his conduct was *de minimis* because (a) his conduct "actually cause[d] or threaten[ed] the harm or evil sought to be prevented by the law defining the offense[,]" i.e., to prevent violations of protective orders, and (b) the Family Court was not wrong to conclude that Chong had the requisite *mens rea* in committing the offense. HAW. REV. STAT. § 702-236(1)(b).

Even if we were not limited to reviewing for plain error, a trial court's decision to not dismiss a prosecution on the basis that it was "too trivial to warrant the condemnation of conviction" is reviewed for an abuse of discretion. *State v. Park*, 55 Haw. 610, 617, 525 P.2d 586, 591-92 (1974). Chong's failure to immediately remove himself from his position outside Winters' sliding glass door provides sufficient justification for the Family Court's decision. *See State v. Wise*, 107 Hawaiʻi 67, 71, 109 P.3d 708, 712 (App. 2005) (trial court's failure to *sua sponte* dismiss charge affirmed, despite contention that contact was brief and defendant drove off soon after he was reminded of restraining order); *Cf. State v. Akina*, 73 Haw. 75, 828 P.2d 269 (1992) (trial court's decision not to dismiss reversed as abuse

3

of discretion where complaining witness agreed that defendant "was just trying to help").

Chong's intent to knowingly or intentionally violate the Protective Order is established by the fact that Chong was in the courtroom when the Protective Order was entered, that he recited to Complainant the condition in the Protective Order that he was to honor if he encountered Complainant on the property, and that he thereafter failed to honor the condition. *See State v. Agard*, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) ("Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." (quoting *State v. Eastman*, 81 Hawai'i 131, 141, 913 P.2d 57, 67, (1996) (internal quotation marks omitted))).

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on May 25, 2010, in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 25, 2011.

On the briefs:

Pamela E. Tamashiro,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge